Edward A. Poole, Appellant, *v.* The State of New York, Respondent.

As under the act of 1876 (Chap. 193, Laws of 1876), the pay of the clean-ing women employed in the State Hall was fixed at the same rate as was at the time of the passage of that act payable to those employed in cleaning the Senate and Assembly chambers, and rooms adjoining at the Capitol, *i. e.*, $1 and $2 per day (Chap. 634, Laws of 1875), in the absence of any proof of a subsequent change in the pay of those employed at the Capitol, the comptroller has no authority to reduce the pay of those employed at the State Hall.

The change of the Senate and Assembly chambers from the old to the new Capitol did not operate to change or to allow the comptroller to change the salaries.

(Argued February 8, 1887; decided March 8, 1887.)

Appeal from so much of a decision of the Board of Claims, made January 16, 1885, as awarded to the appellant nothing upon a claim presented for balance of salaries alleged to be due him as assignee of Catharine A. Poole and others, women employed in cleaning the State Hall, whose salaries had been reduced by the Comptroller after the Senate and Assembly chambers were removed from the old to the new Capitol.

*Myer Nusbaum* for appellant. The statute fixed the pay of women employed in cleaning State Hall at $2 per day as their salary. (Laws of 1876, page 185 ; Laws of 1875, page 801.) All laws are to operate prospectively. (*Jackson* v. *Van Zandt*, 12 Johns. 176.) This act of 1875, in its allusion to the capitol, referred to what was called the old Capitol building. (1 R. S. [7th ed.], 581, 582; Laws of 1830, chap. 249 ; Laws of 1879, page 214; Laws of 1880, page 254; Laws of 1881, page 276 ; *Kehn* v. *State*, 93 N. Y. 294.) The salary of an officer, as fixed by statute, cannot be reduced except by law duly enacted. The salary attaches to the position. (*People ex rel. Satterlee* v. *B'd of Police*, 75 N. Y. 42 ; *People ex rel. Ryan* v. *French*, 13 Rep. 599 ; *Kehn* v. *State*, 93 N. Y. 291.) The findings of fact by the board of claims are conclusive and cannot be reviewed by this court on appeal. (Laws of 1881, chap. 60, § 10.)

*Denis O'Brien*, attorney general, for respondent. The services rendered by the claimant's assignors were not "salaries" fixed by law, as in the case of firemen, under chapter 364, Laws of 1875. (*People* v. *Buffalo Asylum*, 96 N. Y. 642.) It was the duty of the comptroller, under the general laws of the State to audit these claims for services. (*In re Murphy*, 24 Hun, 593 ; affirmed 86 N. Y. 627.) How much should be allowed was upon the facts to be determined by him. (*People ex rel. Benedict* v. *Supervisors*, 24 Hun, 421.) No action can be maintained for a failure to audit. (*Brady* v. *B'd of Sup'rs* 2 Sandf. S. C. R., 460 ; affirmed 10 N. Y. 260 ; *Dannat* v. *Mayor, etc.*, 66 id. 588, 589 ; *Attorney General* v. *Cont. L. Ins. Co.*, 88 id. 571.) Audit was a prerequisite to payment, and was final and a condition precedent to any suit against the State. (*Lanigan* v. *Mayor, etc.*, 70 N. Y. 457.) The State cannot be sued or held to any other or different liability than that which it has voluntarily assumed as well in the manner as the matter thereof. (*Lewis* v. *State*, 96 N. Y. 72 ; *Attorney General* v. *Cont. L. Ins. Co.*, 88 id. 571.) The claimant's assignors were not salaried officers and

having consented to work for a less sum than that originally fixed, they must be regarded as having so contracted and are bound by their contract. (*Drew* v. *Mayor, etc.*, 8 Hun, 445; *Phyfe* v. *Eisner*, 45 N. Y. 102.)

RAPALLO, J.   The only question which it is necessary that we should consider for the purpose of determining this appeal, is whether in 1880 and 1881, the compensation of the cleaning women employed in the State Hall was or was not fixed by law.   If it was, the comptroller had no power to reduce it. If it was not, his audit was conclusive.

By chapter 634 of the Laws of 1875, the compensation of women employed in cleaning the *chambers and rooms adjoining the Senate and Assembly chambers* was fixed at $2 per day to each of them, and that of firemen in the capitol at $3 per day to each of them, said salary to be paid on the certificate of the keeper of the Capitol.

By chapter 193 of the Laws of 1876, it was enacted that persons employed as firemen, etc., and cleaning women at the *State Hall* should receive such *per diem* compensation as was paid to persons employed in like capacity at the Capitol.

The Senate and Assembly chambers having been at the time of the passage of these acts in the old Capitol, and the amount to be paid to the women employed in cleaning the rooms adjoining those chambers being fixed by law, the fair construction of the term " as is *paid* to persons employed in like capacity at the Capitol," is that the pay of the cleaning women employed in the State Hall should be the same as that fixed *by law* for the women employed in cleaning the rooms adjoining the Senate and Assembly chambers, there being no allegation that the actual payments to those thus employed at the Capitol were different from the salaries fixed by law.

The act of 1876 should, therefore, be construed as enacting that the cleaning women employed at the State Hall should receive the same *per diem* compensation as that fixed by law for persons employed in like capacity at the Capitol, which was $2 per day.

The board of claims, however, held that it was the intention of the act of 1876 to fix the compensation of the cleaning women employed at the State Hall at the same rate as that fixed for cleaning women employed at the Capitol, only for so long as the old Capitol was used as such and the Senate and Assembly chambers were held therein, and that when these chambers were removed to the new Capitol the act of 1876 ceased to operate so as to fix the *per diem* pay of the cleaning women employed at the State Hall. On this ground they disallowed the claim of the cleaning women, while allowing that of the firemen under the same act.

We are unable to concur in this conclusion of the board of claims.

The pay of the cleaning women employed in the State Hall was fixed by the act of 1876 at the same rate as was at the time of the passage of that act payable to the cleaning women employed at the Capitol, viz., $2 *per diem*. Even if this rate should be regarded as ambulatory and subject to modification so as to conform to any subsequent change in the pay allowed the women employed in the Capitol, no such change was shown. The mere change of location of the Senate and Assembly chambers from the old to the new Capitol did not operate to change the salaries of the persons employed to keep them clean, nor of those employed in the State Hall, the amount of whose pay depended upon that of the persons employed in the Capitol.

So much of the award of the board of claims as disallowed the claim of the claimant, assignee of Catharine Poole and others, the cleaning women, should be reversed and that claim should be referred back to the board for rehearing, with costs to abide the event.

All concur.

Judgment accordingly.